## 57007. GLOVER v. THE STATE.

SHULMAN, Judge.

The appellant was indicted on three counts of robbery. After entering pleas of not guilty, he was brought to trial before the Superior Court of Fulton County, sitting without a jury. At the close of the evidence, the court found the appellant guilty on all three counts and imposed sentence. From these convictions this appeal is taken.

1. The general grounds are urged in the first

enumeration of error. On appeal this court is bound by the "any evidence" rule and must accept the state's version of the evidence, as was done by the trier of fact below. *Franklin v. State,* 136 Ga. App. 47 (220 SE2d 60).

As to Counts 1 and 2, the strongest evidence against the appellant consists of fingerprints. In both robberies, notes of some type were passed from the robber to the bank teller. In both instances these notes were tested for prints and revealed matches to the appellant's right thumb and left index finger. While this evidence is circumstantial, it meets the requirement of *Anthony v. State,* 85 Ga. App. 119, 121 (68 SE2d 150), that " '[t]o warrant a conviction . . . the fingerprints. . .must have been found in the place where the crime was committed, under such circumstances that they could only have been impressed at the time when the crime was committed.' " See also *Brown v. State,* 133 Ga. App. 56 (4) (209 SE2d 721). Compare *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66).

As to Count 3, there was evidence that appellant entered the Trust Company Bank, demanded and received money, fled on foot, was pursued and apprehended. At the time of apprehension the appellant possessed the note passed to the teller demanding money. The teller identified the appellant as the robber. This evidence supports the verdict. *Young v. State,* 232 Ga. 176 (205 SE2d 307).

2. Appellant urges he did not receive a fair trial because the trial judge "was familiar with the facts of the case before the trial started" and "prejudged the case before the evidence was presented."

We have carefully and thoroughly reviewed the transcript of the proceedings below and find no evidence whatsoever to substantiate this claim. Indeed, the record reflects a total and complete impartiality and fairness on the part of the trial judge.

Appellant, however, points out two instances in which he contends the judge demonstrated his lack of fairness. In one instance the judge indicated a familiarity with the indictment but did not, as alleged, demonstrate a prior knowledge of the facts of the case or any bias or prejudice against the appellant himself.

And, at the close of the evidence, the trial judge

explained what evidence he relied upon in reaching his verdict. "[A]ny evidence heard by the trier of fact (the trial judge in this case) is bound to engender a certain reaction or attitude as to how the case will be decided, and this attitude may change as the evidence develops. As long as the trier of fact is not prejudiced by extraneous matters not in the evidence, and will decide the case only after *all* the evidence is heard and considered, then we find no harm in such a comment on the state of the evidence, when the judge sits as the trier of fact." *Banks v. Dept. of Human Resources,* 141 Ga. App. 347, 348 (233 SE2d 449). The record in this case reveals that the judge's comments on the evidence occurred *after* all the evidence was in and that prior to that he was demonstrably fair and impartial in his conduct of the case. There was no error.

3. The teller of one of the banks robbed was listed as a witness. She did not appear, apparently for medical reasons. The third enumeration of error is predicated upon the appellant's allegation that the failure of this witness to appear violated his Sixth Amendment right to confront witnesses.

" ' There is no requirement either in the Constitution or the statutes that those persons whose names appear on the accusation as witnesses must testify on the trial of the accused. [Cit.]' " *Greeson v. State,* 97 Ga. App. 245, 246 (102 SE2d 503). There is nothing in the record to show that appellant ever placed the witness under subpoena or that, if he did, a continuance or other relief from the failure to appear was requested. "The initiative concerning whom to subpoena and how to enforce the witness' presence, if it be possible, rests on counsel and not on the court. . . Counsel having elected to proceed without these witnesses, this claim is without merit." *Nix v. State,* 236 Ga. 110, 112 (223 SE2d 81).

There was no showing of what the witness would have testified to had she been subpoenaed. Apparently, as the teller who was robbed, her testimony would have gone to the perpetration of the crime itself. However, that the bank was robbed as alleged in the indictment was shown by other competent testimony received without objection. "Appellant may not now be heard to object to the failure of the state to present evidence from a witness, where the

same evidence has been presented by other witnesses without objection. [Cits.] There was no obligation for the state to call every witness, particularly where the additional evidence apparently would be cumulative only." *Jacobs v. State,* 137 Ga. App. 592, 594 (224 SE2d 462).

There was no error.

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED MARCH 16, 1979 —

*Louise T. Hornsby, R. Allen Hunt,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, H. Allen Moye, Assistant District Attorneys,* for appellee.