## 57342. SHAW v. THE STATE.

UNDERWOOD, Judge.

Appellant Shaw was convicted of theft by receiving. On appeal, he enumerates as error the denial by the trial court of his motion to suppress evidence, his contention being the search of his automobile without a warrant was illegal and his consent to search was not given freely and voluntarily.

In the late afternoon on July 12, 1977, a Mr. Echols went to the Summerville Police Station and reported that he had just observed some boys attempting to start a car with jump cables on a nearby highway and that the car fit the description of a car which had been used to sell some tires stolen from Echols. A policeman accompanied Echols to the scene, where he reported that he also had a battery stolen of the kind being used by Shaw and two others to start the car. The battery was visible on the fender of the car. Echols left to obtain the sales slip for the battery, and the police officer asked the three if they would come to the police station. They agreed and put the allegedly stolen battery on the back floor of the car. Shaw drove his car to the police station and parked it. After Echols returned with the sales slip, the police officer asked Shaw if the police could search his car. He replied that he did not have the key to the trunk, and a police officer stated he could get a warrant to search the car. Shaw then indicated that

it would not be necessary because he could get in the trunk through the back seat. He then removed the back of the rear seat, crawled into the trunk, removed some bolts from the lock and opened the trunk. Upon opening the trunk, certain items alleged to have been stolen were found. At the time the car was searched, Shaw was under arrest.

In Texas v. White, 423 U.S. 67 (96 SC 304, 46 LE2d 209) (1975), the Supreme Court of the United States held that "police officers with probable cause to search an auto on the scene where it was stopped may constitutionally do so later at the station house without first obtaining a warrant." Even assuming, arguendo, that the police did not have probable cause to search the car without a warrant, Shaw consented to the search and no warrant was needed. *Guest v. State,* 230 Ga. 569, 571 (198 SE2d 158) (1973). The trial court was authorized to find that the consent given by Shaw to make the search was not the product of coercion, duress or deceit. *Code v. State,* 234 Ga. 90, 95 (214 SE2d 873) (1975). There is no evidence that such consent was given because of the over-powering presence of police officers. See *State v. Rivers,* 142 Ga. App. 96 (235 SE2d 393) (1977). As a warrant is not required for a search and seizure conducted pursuant to consent (*McKendree v. State,* 133 Ga. App. 295 (211 SE2d 154) (1974)), the trial court did not err in overruling defendant's motion to suppress.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

Submitted March 5, 1979 — Decided May 8, 1979.

*Carlton Vines,* for appellant.

*William M. Campbell, District Attorney, James A. Meaney, III, Assistant District Attorney,* for appellee.