## 62176. LEWIS v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for aggravated assault. *Held:*

1. The defendant enumerates as error the failure to grant his motion for a continuance. Defendant's counsel contends that the defendant had a right to an adequate list of witnesses and that the list he was supplied was inadequate in that it did not give information by which the witnesses could be located and interviewed so as to prepare an adequate defense. The motion for continuance was predicated on the assertion that defendant's counsel had been unable to contact the State's witnesses.

No written demand had been made for a list of witnesses. Defense counsel in the brief to this court concedes that the district attorney supplied him "with a copy of the indictment which contained a list of witnesses with addresses and telephone numbers."

"When a witness' name is contained in the indictment, a defendant cannot validly contend that he had been surprised or unable to interview the witness in question through lack of knowledge of such witness." *Garvin v. State,* 144 Ga. App. 396 (5), 399 (240 SE2d 925). Accord, *Herring v. State,* 238 Ga. 288 (2) (232 SE2d 826).

"Code Ann. § 27-1403 requires only that the state furnish a list of the witnesses on whose testimony the charge against the accused is founded. The statute does not demand that the addresses of all such witnesses be furnished." *Holsey v. State,* 235 Ga. 270 (2), 271 (219

SE2d 374). Accord, *Campbell v. State,* 149 Ga. App. 299 (3) (254 SE2d 389); *McDowell v. State,* 239 Ga. 626 (1) (238 SE2d 415). This rule has been somewhat ameliorated in *Roberts v. State,* 243 Ga. 604 (4a), 606 (255 SE2d 689) wherein it was pointed out: "We would agree that the better practice would dictate that the state furnish such addresses and telephone numbers along with the list of the witnesses if such information is available."

"This court has repeatedly ruled that the refusal of a motion to continue will not be reversed unless it is manifest that there has been an abuse of discretion on the part of the trial judge. . . ' "In order for this court to control the discretion of the trial judge in refusing to grant a motion for the postponement of a criminal case to allow counsel to prepare for trial, it is necessary that it should appear that a gross mistake has been made by the trial judge, or that he has displayed a want of consideration for the rights of the accused." ' " *McLendon v. State,* 205 Ga. 55, 60 (52 SE2d 294). Accord, *Woodward v. State,* 197 Ga. 60 (1) (28 SE2d 480). Here the defense counsel was supplied with a list including telephone numbers and addresses and his sole complaint is that he was unable to locate and interview the witnesses. There was no issue made that lack of time was a factor since counsel was appointed several months prior to trial. Hence, we find no abuse of discretion on the part of the trial judge.

2. Considering the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime were proved beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JULY 1, 1981.

*J. Richardson Brannon,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.