## 65495. BRADY v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

DEEN, Presiding Judge.
Appellant, a retired attorney who rented an apartment in a facility operated by appellee Atlanta Housing Authority (AHA), was served in June of 1981 with a dispossessory notice alleging failure to pay rent due, holding over beyond the term of her lease, and violation of the section of her lease prohibiting any activities which threaten the other tenants' health, safety, or peaceful enjoyment of the premises. Appellant answered, denying AHA's allegations and alleging, *inter alia,* that AHA was acting in retaliation for complaints

that appellant had lodged against the housing project's resident manager. In October 1981, a consent order was entered in the State Court of Fulton County providing that, the dispute having been resolved "without in any way indicating any fault on the part of the Defendant," AHA would not press the charges of lease violations; that the defendant (appellant here) would have until November 9, 1981, to secure other housing and vacate the premises; and that AHA might apply for a Writ of Possession if appellant did not make her apartment available by the specified date. The key clause in the consent order reads as follows: "Defendant shall have the right to locate alternative housing before November 9, 1981."

Appellant, who alleges that she cannot afford to live in anything other than public housing, arranged through friends who were tenants in another AHA development to transfer into an apartment in that facility. Two days after entry of the consent order appellant was informed by AHA's attorney that such a transfer would not be permitted because "it is the Authority's policy not to transfer problem tenants from one building to another." Following proceedings in the Fulton County Superior Court the case was remanded to the state court for findings of fact and conclusions of law, as required by OCGA § 9-11-52 (Code Ann. § 81A-152). In May 1982 that court, after making findings of fact, concluded as a matter of law that, contrary to appellant's contention, the contested clause, "Defendant shall have the right to locate alternative housing before November 9, 1981," imposed on AHA no duty to move appellant into another of its facilities. Appellant challenges this judgment, enumerating as error, in addition to the general grounds and certain alleged technical defects and deficiencies in the state court's order, the court's conclusion that AHA was not obligated to grant a transfer. Appellant further assigns as error the trial court's failure to find that AHA had waived its right to terminate the tenancy by demanding and accepting rent after the date of the consent order. *Held:*

1. The record in the case at bar discloses that the trial court did not err in ruling that the contested provision in the consent order does not require appellee to move appellant into another AHA housing facility. There is no merit in appellant's contentions regarding the language contained in the order; i.e., that "alternative housing" should be construed to mean "AHA housing," and that "the right to locate" is meaningless unless it is construed as conferring a specific right to rent a unit under AHA control. It is an elementary rule of construction that, absent clear indicia to the contrary, words should be assigned their ordinary meanings. No such indicia appear in either the lease or the consent order, and the reasonable person would therefore interpret the words in question as vesting the right or

duty to locate other housing in the tenant rather than in AHA. Likewise, the reasonable person would understand that the "right" so conferred was not a "right" to be placed in AHA housing, but rather the right to retain possession of the contested premises for some five weeks beyond the date of the consent order instead of being required to move out immediately. The construction appellant urges is patently strained and is supported by no citation of authority. Unless the trial court's findings of fact are shown to be clearly erroneous, they will not be set aside on appeal. OCGA § 9-11-52 (Code Ann. § 81A-152). The findings of fact in this case have not been shown to be clearly erroneous.

2. Appellant's contention that appellee waived its grounds for terminating her tenancy by accepting rent after the date of the consent order was not expressly addressed by the trial court but is unsupported by the facts in evidence. The only rent check tendered after the entry of the consent order on October 5, 1981, was that tendered on November 4. This check was returned to appellant by AHA, with a covering letter explaining that it was being refused because she was supposed to have vacated her apartment not later than November 9. The fact that appellant, along with hundreds of other AHA tenants, had received a routine computerized advance billing for November rent is of no legal significance. This enumeration is without merit.

3. Examination of the record reveals no evidence that would support appellant's allegations of retaliatory motives on AHA's part or of AHA's failure to follow prescribed grievance procedures. The admitted facts belie appellant's contention that she had no notice that she was considered a "problem tenant" until after the consent order was signed, nor is there evidence of record to support appellant's further enumerations. On the contrary, the record contains ample evidence to authorize the conclusions reached by the court below. *Glover v. State,* 149 Ga. App. 369 (254 SE2d 492) (1979). Compare, e.g., *Wilson v. Thompson,* 638 F2d 799 (5th Cir. 1981); Matter of Crist, 632 F2d 1226 (5th Cir.), cert. denied; Crist v. Crist, 451 U. S. 986 (101 SC 2321, 68 LE2d 844) (1981).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 26, 1983 —
REHEARING DENIED FEBRUARY 4, 1983 — 

*George A. Pindar,* for appellant.
*Alfred J. Turk III,* for appellee.