65782. KNIGHTON v. THE STATE.

Birdsong, Judge.

Appellant was convicted of armed robbery. His basis for appeal is the trial court's denial of his motion to suppress the evidence obtained and the statements made to investigating officers. *Held:*

The evidence shows that at about 12:30 or 12:45 p.m. a black male entered the Southern Loan Company office in north Americus and robbed the cashier, at gunpoint, of approximately $325. The cashier observed the robber leave the building, proceeding north. She described him as wearing blue jeans and a light brown striped or plaid shirt. Detective Nelson Brown heard the robbery report on his radio and immediately drove to that part of town; he combed the neighborhood and shortly met a witness who lived two or three blocks north of the loan company and who said that a black man in blue jeans and a "tank top" ran into the witness' yard and offered the witness $5 to drive him "about 50 yards," or a very short distance. The man stated that he had been in a fight with someone and they were chasing him, and then asked the witness to give him the ride. The witness drove the man about 50 yards; the man got out of the car and went toward a house (which the witness pointed out to the officer) where he stopped in the yard and spoke briefly to some children. He then went behind the house to a wooded area. The officer then proceeded to the area of this house, and continued to question people in the area until a reliable and confidential informant told him the man had gone into a house two or three houses from where he had been put out of the car. The informant told the officer "that the guy's done changed clothes, that the guy you're looking for has changed clothes . . . he's wearing him some black jogging shorts and he's got a girl with him [wearing brown or khaki slacks and a white top]; he got in a van with

his brother, his brother took him away from the house in [the] van. . . . he owns a blue bottom with white top Cadillac bearing Texas license plates. . . . I think he's supposed to take this female to Atlanta, Georgia, so she could catch a bus or plane [and I think he's going back to Texas]. . . . they've been gone about twenty or thirty minutes. . . ."

Detective Brown relayed this information by radio bulletin. About ten minutes later he was informed that the Oglethorpe Police Department and Macon County Sheriff's office had stopped a vehicle fitting the described Cadillac with a suspect and female fitting the descriptions given. Detective Brown immediately drove to the Macon County Sheriff's Office about 20 or 25 miles away, where the vehicle had been taken.

The Oglethorpe police had stopped the appellant, handcuffed him, and placed him and his companion in the back of a police car. They and their Cadillac were taken to the sheriff's office. They were not questioned but only "patted down" for weapons; no statements were made. When Detective Brown arrived at the sheriff's office about 30 minutes later, he immediately read to appellant his constitutional rights (Miranda warning). Appellant signed the form, indicating he understood his rights. Detective Brown then told appellant what he was being questioned about and appellant stated that the girl had nothing to do with it, that he had robbed the place himself and the girl had not been with him. He described the robbery, and stated that his Cadillac had been parked near the loan company but had run out of gas and his brother had driven him back to the Cadillac, but did not mention a gun until Detective Brown asked him about it; then he said, "I did [hold a gun on her], but I wasn't going to hurt her." He stated the gun was in the glove compartment in the Cadillac. Detective Brown said, "We're going to have to get the gun." He then asked appellant to consent to a search but said essentially, "You don't have to consent to this, but if you do not we're going to have to go to the justice of the peace and get a formal search warrant." Appellant replied, "Well, I robbed the place, and the gun is in the car so you go and get it." The police did so; also appellant gave them money from his shorts pocket and other money was found in the car in a pair of blue jeans. The girl had $100; altogether the police accounted for about $330, including money spent for gas for the Cadillac.

There is no question appellant in this case was in fact arrested as a suspect when the Oglethorpe police stopped his car, handcuffed him, and took him and his car to the sheriff's office and detained him. This was not a "Terry-type" stop. In the totality of the circumstances, Detective Brown unquestionably had reasonable and articulated cause to believe the appellant, i.e., the driver of the blue and white Cadillac, had committed the armed robbery. *Parker v.*

*State,* 161 Ga. App. 37, 39 (288 SE2d 852); *McDonald v. State,* 156 Ga. App. 143, 145 (273 SE2d 881); *Creamer v. State,* 150 Ga. App. 458, 462-463 (258 SE2d 212). The Oglethorpe police were authorized to act upon the information supplied by Detective Brown. *Parker v. State,* supra. The warrantless arrest was legal. If the Oglethorpe police had not arrested him, their authority to detain him while waiting for Detective Brown or an arrest warrant might be limited, or impossible to legally exercise. The appellant was in fact endeavoring to escape at the time he was apprehended (OCGA § 17-4-20 (a) (Code Ann. § 27-207); *Garrison v. State,* 122 Ga. App. 757 (178 SE2d 744)), and if the Oglethorpe police had failed to arrest him, and he had escaped, there would indeed have been a failure of justice. OCGA § 17-4-20 (a) (Code Ann. § 27-207). They had more than an articulable suspicion in the circumstances; it was certainly not caprice, and in no sense can the apprehending of appellant be perceived as arbitrary or harassing. *Brisbane v. State,* 233 Ga. 339, 341-343 (211 SE2d 294). We have no difficulty in holding that the arrest was legal; that therefore the search, as an incident to a lawful arrest, was proper (OCGA § 17-5-1 (Code Ann. § 27-301)); *Stoker v. State,* 153 Ga. App. 871 (267 SE2d 295); *Shaw v. State,* 149 Ga. App. 853 (256 SE2d 150); *Still v. State,* 149 Ga. App. 792 (256 SE2d 133).

The statements made by appellant were voluntary. And we say, further, that even if the arrest had been illegal, neither the confession nor the fruits of the search would be suppressable because in the totality of surrounding facts and circumstances of this case, neither was "obtained by exploitation of the illegality of his arrest"; there was in fact probable cause to obtain an arrest warrant, and the behavior and purpose of the police was neither a "fishing expedition" nor in "purposeful and flagrant" bad faith. *Thompson v. State,* 248 Ga. 343, 344-345 (285 SE2d 685).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 25, 1983.

*Howard S. McKelvey, Jr.,* for appellant.
*John R. Parks, District Attorney, Justin T. Hall, R. Rucker Smith, Assistant District Attorneys,* for appellee.