74831—74834, 74895, 74896. MARTIN et al. v. THE STATE
(six cases).
(363 SE2d 765)

SOGNIER, Judge.

Devoy Martin and Joseph Martin were convicted at a joint trial of selling alcoholic beverages on Sunday and selling alcoholic beverages without a license. Appellants have filed a total of six separate appeals, one for each defendant on each of the two accusations (case nos. 74831-74834), as well as separate appeals for each defendant from an order denying their motion to amend their motion for a new trial or in the alternative to allow an out-of-time appeal (case nos. 74895, 74896).

1. Case nos. 74895, 74896. Appellants were tried jointly in the State Court of Ware County on December 16, 18 and 19, 1985. Appellant Devoy Martin's two accusations were designated case nos. 85-1962 and 85-1963: appellant Joseph Martin's two accusations were designated case nos. 85-1964 and 85-1965. Both appellants were found guilty of the offenses charged on December 19, 1985, and filed a motion for new trial only as to case nos. 85-1963 and 85-1965 (sale of alcoholic beverages on Sunday) on January 3, 1986. Appellants thereafter obtained a different attorney who filed an amendment to appellants' motion for a new trial on August 12, 1986, which set forth several additional grounds for a new trial but still did not include case nos. 85-1962 and 85-1964 (selling alcoholic beverages without a license). Appellants' motion for a new trial was denied on January 19, 1987. On February 9, 1987, appellants filed a motion to amend their motion for a new trial or in the alternative to allow an out-of-time appeal; this motion was filed by yet another attorney. On February

13, 1987, appellants filed notices of appeal in our case nos. 74831-74834. On March 11, 1987, the motion to amend the motion for a new trial or grant an out-of-time appeal which had been filed on February 9, 1987, was denied on the ground that the court was without authority to allow amendment of the motion for new trial. Appellants filed a notice of appeal from that decision; those appeals are our case nos. 74895 and 74896.

In regard to denial of appellants' motion asking for an out-of-time appeal, that decision was a final judgment on the merits. Appellants then filed an application to appeal the trial court's decision denying their motion for an out-of-time appeal. (Discretionary appeal no. 1852.) This court denied that application by order dated April 22, 1987, and such denial invokes the doctrine of res judicata on the issue of an out-of-time appeal. *McLemore v. Stephenson*, 181 Ga. App. 828, 829 (354 SE2d 17) (1987).

As to the portion of appellants' motion seeking to amend the motion for a new trial, the original motion for a new trial, as amended, had been denied and was no longer before the trial court. Hence, the motion to amend the motion for a new trial was in reality an extraordinary motion for new trial. Appeal from the denial of such a motion must be by application when separate from the original appeal, as is the case here. OCGA § 5-6-35 (a) (7); *Pitts v. State*, 254 Ga. 298 (328 SE2d 732) (1985). There being no application to appeal the trial court's order in this case (except the portion of the motion seeking an out-of-time appeal to which the doctrine of res judicata applies), the appeals in these two cases are dismissed.

2. Case nos. 74832, 74834. On December 19, 1985, appellants were found guilty of, and sentenced for, the offenses charged in these two cases, namely, selling alcoholic beverages without a permit (license). They did not file a motion for new trial as to these offenses, and did not file a notice of appeal of these cases until February 13, 1987. Since the notice of appeal was not filed within thirty days of judgment as required by OCGA § 5-6-38, and no extension of time for filing the notice of appeal was obtained, this court is without jurisdiction to consider the appeals in these two cases. *Westerfield v. State*, 169 Ga. App. 510 (313 SE2d 768) (1984). Accordingly, these appeals are also dismissed.

3. Case nos. 74831, 74833. These two cases relate to appellants' conviction of the offense of selling alcoholic beverages on Sunday. Appellant Devoy Martin enumerates twenty-three errors and appellant Joseph Martin enumerates seventeen errors, many of which are the same. We note initially that appellant Devoy Martin's enumerations 5, 6, 8, 9, 10, 18 and 21, and appellant Joseph Martin's enumerations 5, 6, 7, 11, 14 and 15 all relate to issues not raised below, and this court will not consider issues raised for the first time on appeal.

*Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

a. Both appellants contend they were denied effective assistance of counsel, and in a separate enumeration allege the trial court erred by not allowing appellants and their witnesses to testify on this issue at the hearing on their motion for a new trial. We agree.

To properly determine whether appellants were denied effective assistance of counsel when the issue has been raised in a motion for new trial, appellants' trial counsel, who was a different attorney than their appellate counsel, should be allowed to testify as to his conduct of the trial, and appellants should also be allowed to testify and/or present evidence on this issue. Thus, we remand the case to the trial court for a hearing and appropriate findings concerning only the issue of ineffective assistance of counsel. See *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986). If any further review of this issue is sought, the appropriate appellate procedure must be followed for such review.

b. Appellants next urge error in the trial court's failure to take curative action or declare a mistrial after a State witness testified that after appellant Devoy Martin had been searched and read his rights by another agent, Devoy Martin did not at that time make a statement that the witness heard. Appellants made no objection to this testimony and did not move for a mistrial or request other curative action. "[I]n the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the [testimony], it was not error to fail to grant a mistrial or to instruct the jury." *McCoy v. Scarborough*, 73 Ga. App. 519, 520 (6) (37 SE2d 221) (1946). *Mullinnix v. State*, 179 Ga. App. 104, 105 (2) (345 SE2d 650) (1986).

c. Appellants objected to several references by the court to State Exhibits 1 and 2 as whiskey and beer, or alcohol. They argue that these were improper comments on the evidence, since the State had the burden of establishing that the substance in the bottles and cans was, in fact, alcohol and beer. The court recognized this burden, and admitted the exhibits subject to the State establishing that the contents of the bottles and cans were, in fact, whiskey and beer. In appellants' opening statement they acknowledged that the substance seized from appellants' residence was alcohol. Appellant Devoy Martin testified that the substances seized were alcohol and beer, and a revenue agent testified that in his expert opinion the exhibits contained bonded whiskey and beer. Under such circumstances any allegedly improper reference by the trial court to the exhibits as alcohol and beer would be harmless. Further, with the exception of appellants' objection to the introduction of the exhibits on the ground that the State had not established what the bottles and cans contained, no objection was made to the court's comments, and this court will not consider questions raised for the first time on appeal. *Tolbert*, supra.

The same rule applies to other comments to which appellants now object, and thus, we will not consider such issues.

d. Appellants assert error by the trial court in denying appellants' motion to require the State to produce the confidential informant in court. At a hearing on this motion it was established that the informant's name, Ron Roeschki, was on the accusation; that the initials "WSO" next to his name indicated the Ware Sheriff's Office; that appellants apparently knew the informant; and that appellants made no effort to contact the informant, obtain his address, or subpoena him as a witness.

There is no requirement that the State provide addresses of its witnesses, *Lewis v. State*, 159 Ga. App. 135 (282 SE2d 750) (1981), nor is there any requirement that those persons whose names appear on the accusation as witnesses must testify at the trial of the accused. *Glover v. State*, 149 Ga. App. 369, 371 (3) (254 SE2d 492) (1979). Appellants did not subpoena the witness, and the initiative to subpoena a witness and how to enforce the witness' attendance rests on counsel, not on the court. Id. Hence, the trial court did not err in denying appellants' motion.

e. Appellants contend the court erred by allowing a State witness to testify, over objection, that appellant was not licensed to sell alcoholic beverages. In this regard, Detective Terry Wright testified that he checked the records of Ware County, Georgia to determine if appellant Devoy Martin had a license to sell beer or liquor, and he did not have such a license. Appellants objected to such testimony on the ground that it was hearsay, and the best evidence of whether Devoy Martin had a license would be testimony of someone in the licensing office. Appellants' argument that such testimony was not the best evidence has been decided adversely to their contention. *Cary v. State*, 55 Ga. App. 167, 168 (3) (189 SE 625) (1937). See also *Logan v. American Bankers &c. Co.*, 168 Ga. App. 647, 649 (1) (310 SE2d 263) (1983). In regard to appellants' objection on the grounds of hearsay, hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. OCGA § 24-3-1 (a). In the instant case, Wright was not testifying as to something a third person told him, or what the contents of the records showed; rather, he was testifying that *he* searched the record and found *no* record that appellants had been issued a license to sell alcoholic beverages. Thus, the substance of his testimony did not fall within the definition of hearsay evidence. Further, Wright was testifying under oath and was subject to cross-examination regarding his search of the records.

While we have found no Georgia case dealing with the specific issue as to whether such testimony is hearsay, the United States Circuit Court of Appeals for the Fifth Circuit (which included Georgia at

the time of the decision) has held that testimony as to a search of records was not hearsay. *United States v. Wellendorf*, 574 F2d 1289, 1291 (3, 4) (5th Cir. 1978). We find this case persuasive and accordingly hold the trial court did not err by allowing such testimony.

4. a. Appellants allege error in several of the court's charges, but made no objection to such charges at trial. OCGA § 5-5-24 (c) provides: "Notwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges *where there has been a substantial error in the charge which was harmful as a matter of law*, regardless of whether objection was made hereunder or not." (Emphasis supplied.) While we find no substantial error in any of the charges complained of which was harmful as a matter of law, two of the charges complained of merit our consideration.

b. The first charge which deserves our attention is the court's charge in regard to making findings as to each charge against each defendant. In this regard, after advising the jury as to the form of the verdict if found guilty or if found not guilty, the court stated: "And, of course, there are two cases against each Defendant and you must find separate verdicts in each case and in each — against each Defendant." We think that stating that separate verdicts must be found *against* each defendant was a mere slip of the tongue, since the court had just finished charging the jury as to the form of the verdict if it found appellants guilty or if the jury found appellants not guilty. A mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury, is not reversible error. *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981); *Caldwell v. State*, 167 Ga. App. 692, 695 (4) (307 SE2d 511) (1983).

c. Appellants allege error in the trial court's charge on principal and agent. In this regard, the court charged the jury that if it found that Devoy Martin had control of the premises and that his son, Joseph Martin, was acting as his (Devoy's) servant and employee and made sales of alcoholic beverages on Sunday and without a license, and was doing so with the knowledge and consent of Devoy Martin, then the act of the agent or employee is the act of the owner (Devoy) under the law of principal and agent. The court then stated: "And this goes back to the original rule of law that anyone who intentionally advises, encourages, or hires, employs, or counsels or procures another to commit a crime, may be charged and convicted of the crime himself."

We first note that this charge applies only to appellant Devoy Martin, and could not have harmed appellant Joseph Martin in any way. Thus, his enumeration of error as to the charge is without merit. As to appellant Devoy Martin, the court's charge on principal and agent was not appropriate under the facts of this case. However, it is

clear from the entire charge that the court was charging the jury that Devoy Martin could be found guilty as a party to the crime even though he did not participate in the actual sale. The court's charge referring to the "original rule of law" is taken from the statute on parties to a crime, OCGA § 16-2-20 (b) (4), and was correct in that regard. Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence, and there is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Thurmond v. State*, 161 Ga. App. 602, 605 (2) (288 SE2d 780) (1982). In the instant case Devoy Martin's defense was that he was not guilty because he did not make the sale himself. Under such circumstances a charge on parties to a crime was appropriate, and we do not find that the charge would mislead a jury. The verdict in this case was amply authorized by the evidence, and hence, we find no error.

5. Appellants allege the trial court erred by denying their motions for a new trial on the general grounds. The evidence disclosed that pursuant to information received from a confidential informant, a law enforcement officer and the informant went in a van to appellants' home on Sunday morning. The informant was wearing a body bug and two other officers were parked a block or two away, monitoring the conversations between the informant and appellants. The informant exited the van and asked appellant Devoy Martin, who was outside his house, the price of a bottle of whiskey and a six-pack of beer. Devoy Martin told the informant the price, and also told him that Jody (appellant Joseph Martin) was in the house and would sell him the liquor and beer. Devoy then drove away and was arrested a short time later. The informant then entered the house and purchased a bottle of whiskey and a six-pack of beer from Joseph Martin for $17, using a marked $20 bill given to him by the officer outside the house, who had remained concealed in the van. After the sale was completed and the informant returned to the van with his purchase, a search warrant was obtained and appellants' residence was searched, resulting in the seizure of a large quantity of whiskey and several cases of beer. The marked bill the informant used was found in appellant Joseph Martin's billfold; when appellant Devoy Martin was arrested, he had $1,033 cash in his billfold, although he had no regular employment. No license to sell alcoholic beverages was found in the residence and a search of the Ware County records disclosed that no such license had been applied for or issued to appellants.

After being advised of his rights, appellant Joseph Martin told a GBI agent that he had gotten the marked $20 bill from a man that bought the beer and whiskey. Devoy Martin denied selling beer and

whiskey, and testified that he had sold a parcel of land for $1,000, which impliedly accounted for the large amount of cash in his billfold.

We find this evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellants' motion for a new trial on the general grounds.

6. Appellants contend the trial court erred by sentencing them to two consecutive one-year sentences to confinement, arguing that selling alcoholic beverages on Sunday was a lesser included offense of selling alcoholic beverages without a license. This argument is without merit.

When the same conduct may establish the commission of more than one crime, an accused may be prosecuted for each crime; however, he may not be convicted of more than one crime if one crime is included in the other. OCGA § 16-1-7 (a) (1). For the purposes of this statute, one crime is not included in the other if the two offenses involve proof of distinct essential elements. *Sanford v. State*, 169 Ga. App. 769 (315 SE2d 281) (1984). The two crimes alleged here share the same essential element of selling alcoholic beverages. However, each of the two crimes has an additional essential element distinct from the other. In addition to selling alcoholic beverages, one offense proscribes engaging in such activity on Sunday, OCGA § 3-3-20, while the other proscribes selling alcoholic beverages at *any* time without a license. OCGA § 3-3-2. Clearly, proof that appellants sold alcohol without a license would not prove that they sold alcoholic beverages on Sunday, nor would proof of the latter establish the former. Thus, the State established that appellants were selling alcoholic beverages in such a manner on the date in question as to be guilty of two separate and unmerged offenses. *Sanford*, supra. Accordingly, it was not error to sentence appellants for two separate offenses.

7. Appellant Devoy Martin alleges error in the court's failure to charge on circumstantial evidence. Appellant made no request for such a charge, and where both direct and circumstantial evidence was introduced, as was the case here, the court was not required to charge on circumstantial evidence in the absence of a timely, written request for such a charge. *Weatherby v. State*, 213 Ga. 188, 193 (5) (97 SE2d 698) (1957); *Bryant v. State*, 229 Ga. 60, 61 (1) (189 SE2d 435) (1972); *Burger v. State*, 245 Ga. 458, 459 (1) (265 SE2d 796) (1980).

8. Lastly, appellant Devoy Martin contends the trial court erred by denying his motion to suppress evidence. Appellant filed two motions to suppress evidence, one relating to the search of his residence pursuant to a warrant, and the second motion relating to the search of appellant at the time of his arrest resulting in the seizure of $1,033 from his billfold. Appellant's brief and argument relate solely to the seizure of the money from his billfold, so we will address only that

issue. Appellant argues that the officers who arrested him lacked probable cause to do so, and therefore his arrest without a warrant was illegal. That being so, appellant argues, the cash money taken from his billfold should have been suppressed.

The evidence relating to this issue disclosed that when the confidential informant got out of a van at appellants' residence to buy the whiskey and beer, the informant was wearing a body bug which was monitored by the arresting officers, who were parked in a vehicle about a block and a half from appellants' residence. When the informant got out of the van he encountered Devoy Martin getting into his car and asked how he was doing. Martin said: "Okay. Jody's in there. He'll wait on you." The informant asked Martin what kind of liquor he had and Devoy Martin said Hiram Walker and Canadian Vodka. The informant asked the price of the beer and liquor, and Devoy Martin said some beer was $6 a six-pack and some was $4 a six-pack; the liquor was $11 a fifth. The informant then went in the residence and bought a six-pack of Budweiser beer and a fifth of bourbon from appellant Joseph Martin for $17. The entire conversation between the informant and Devoy Martin, as well as the informant's conversation with Joseph Martin, was overheard by the arresting officers *before* they made the arrest of Devoy Martin.

"[I]f an officer, while in the presence or vicinity of the accused, acquires 'probable cause' (federal) to arrest the accused outside his or her home, and fails to make such arrest, there is likely to be a failure of justice as a matter of law if the officer is required to delay the arrest until a warrant is obtained." *Durden v. State*, 250 Ga. 325, 327 (1) (297 SE2d 237) (1982). Applying this rule to the instant case, the arresting officers were aware that appellants had committed an offense, for they heard Devoy Martin give the price of the liquor and beer to the informant, and they heard the sale consummated. Thus, they had probable cause to believe an offense had been committed, and their arrest of Devoy Martin was lawful. Hence, it was not error to deny appellant Devoy Martin's motion to suppress evidence of the money seized from his person incident to his arrest. OCGA § 17-5-1 (a) (4); *Knighton v. State*, 166 Ga. App. 390, 392 (304 SE2d 512) (1983).

*Judgment affirmed in case nos. 74831 and 74833, and remanded for hearing pursuant to Division 3a. Appeals dismissed in case nos. 74832, 74834, 74895 and 74896. McMurray, P. J., and Beasley, J., concur.*

Decided November 17, 1987 —
Rehearing denied December 2, 1987.

*Michael D. DeVane, C. Deen Strickland*, for appellants.

*Douglas Gibson, Solicitor*, for appellee.