26823.   PATTERSON v. THE STATE.

SUBMITTED NOVEMBER 9, 1971—DECIDED NOVEMBER 18, 1971.

Jerry Patterson, *pro se.*
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

FELTON, Justice. The appellant was indicted, tried and convicted in the Superior Court of Gwinnett County for kidnapping and armed robbery and was sentenced to imprisonment for 6 years and for life, to be served concurrently, from which judgment no appeal was filed. The denial of his petition for the writ of habeas corpus was affirmed by this court. *Patterson v. Smith,* 227 Ga. 170 (179 SE2d 247). Thereafter, appellant filed an extraordinary motion for new trial, in which he attempted to raise for the first time the defense of alibi. From the overruling of this motion he appeals.

1. The four enumerated errors in this appeal are as follows: (1) allowing appellant to stand trial in prison clothing; (2) failure to charge the jury on alibi; (3) failure to hold a hearing on the issue of line-up identification; and (4) allowing a State witness to remain in the courtroom during the trial of the case over appellant's objection. These enumerated errors attempt to raise for the first time questions which were not raised in the extraordinary motion for new trial, which is here appealed from, or otherwise in the trial court and therefore present nothing for decision. *Velkey v. Grimes,* 214 Ga. 420 (105 SE2d 224); *Abrams v. State,* 223 Ga. 216, 225 (154 SE2d 443); *Bonner v. Smith,* 226 Ga. 250 (2) (174 SE2d 438); *Watson v. State,* 227 Ga. 698, 699 (182 SE2d 446) and cit.

2. "This court has consistently held that extraordinary motions for new trial, brought under *Code* § 70-303, are not favored. It has repeatedly said that cases contemplated by the statute 'are such as do not ordinarily occur in the transaction of human affairs, as when a man has been convicted of murder, and it afterwards turns out that the man he was charged with having killed is still alive, or where a man has been convicted on the testimony of a witness who is afterwards found guilty of perjury in giving that testimony, or from some providential cause, and cases of like character.' [cases cited]." *Harris v. State,* 225 Ga. 458, 461 (169 SE2d 331). "And such an extraordinary state of facts must have been unknown to the movant or his counsel at the

time when an ordinary motion for a new trial could have been filed, and must have been impossible to ascertain by the exercise of proper diligence for that purpose." *Harper v. Mayes,* 210 Ga. 183 (2) (78 SE2d 490), citing *Malone v. Hopkins,* 49 Ga. 221.

The basis of the extraordinary motion for new trial is that the appellant was allegedly in the custody of the police under arrest at the time that the evidence shows (according to his contention) the alleged crimes, of which he was convicted, were committed. The motion was properly denied for the following reasons: (a) In the first place, this amounts to nothing more than the issue of alibi, which should have been made in the trial court; hence, is not includable in that category of cases contemplated by the statute on extraordinary motions for new trial. (b) In the second place, the only "reason" alleged in the motion for the failure to raise this issue by the filing of an ordinary motion for new trial, is that "[p]etitioner could not raise this alibi issue at the original trial for he knew not his whereabouts the hour this alleged crime were [sic] committed." No reason for his failure to know his whereabouts is alleged or argued, nor is any newly discovered evidence alleged. (c) In the third place, although the indictments alleged the date of the commission of the crimes as October *3rd,* 1968, on which date appellant was arrested, the evidence, including the warrants for his arrest, authorized the finding that the crimes were committed on October *2nd,* 1968, prior to his arrest.

The trial court did not err in its judgment denying appellant's extraordinary motion for new trial.

*Judgment affirmed. All the Justices concur.*