## 39764. JONES v. THE STATE.

MARSHALL, Presiding Justice.

The appellant was convicted of murder and sentenced to life imprisonment. This is his appeal.

The victim was Frances Tutt Davis. While waiting to board a MARTA train at the Five Points Station in downtown Atlanta at approximately 1:00 p.m. on March 26, 1982, she was stabbed by a man wielding an ice pick. The assailant fled the scene after the attack, leaving the ice pick embedded in the victim's chest. He was described by numerous eyewitnesses as a black male in his forties, approximately five feet ten inches to six feet in height, weighing 185 pounds to 200 pounds, having black-gray hair and a mustache,

wearing wire-rimmed glasses, and walking with a limp.

Four eyewitnesses identified the appellant as the perpetrator of the stabbing through a combination of the following pretrial identification procedures: two six-man photographic arrays, one four-man group photograph, a composite sketch, and a six-man line-up. The first photographic array was presented to the eye-witnesses on April 7, and the line-up was held on June 17.

These witnesses viewed the appellant in a well-lighted area, at close range, for time spans varying from several seconds to a few minutes. One of the witnesses even spoke to the appellant and attempted to push him away as he was stabbing the victim. All four of the witnesses were shown the first photographic array, of which the appellant does not complain, and from this array all of the witnesses identified the appellant as possibly being the stabber. Through the subsequent identification procedures the appellant was identified by all of the witnesses as the perpetrator of the stabbing. Three of the witnesses positively identified the appellant at trial, based on their view of him at the scene of the crime, and one of the witnesses testified that he was 90% certain that the appellant was the stabber.

The victim was in a state of such severe shock that she was unable to give the police any information concerning her attacker. There was medical testimony at trial that the victim's death was caused by inadequate blood flow to the brain due to a collapsed heart, which was a direct result of the heart's being stabbed with the ice pick.

The evidence showed that at the time of the appellant's arrest he was limping due to a gunshot wound in his leg. At trial, he asserted a defense of alibi, in that he was in Alabama at the time of the stabbing.

In this appeal, the appellant enumerates three errors. First, he argues that the eyewitnesses' in-court identification of him should have been suppressed, because the pretrial identification procedures used by the police were impermissibly suggestive. Second, he argues that the trial judge erred in refusing to declare a mistrial, when an Atlanta police detective stated in his testimony that the appellant had escaped. Third, the appellant argues that the prosecution failed to prove beyond a reasonable doubt that the stabbing was the proximate cause of the victim's death.

1. As to the pretrial identification procedures, the appellant complains that in the second photographic array shown the witnesses his photograph had a different tint than the others. He also complains that in the group photograph, he, among others, was wearing prison clothing. However, we have reviewed this photograph, which is contained in the record, and it is not apparent from the photograph that it is prison garb which the appellant is wearing.

Finally, the appellant complains that the cumulative effect of the photographs, sketch, and line-up was to suggest to the witnesses that the appellant was the perpetrator of the crime.

Taking into consideration the totality of the circumstances, we hold that any suggestiveness in the pretrial identification procedures employed by the police did not give rise to a substantial likelihood of irreparable mistaken identification. Therefore, the trial judge did not err in refusing to suppress the witnesses' identification testimony at trial. Manson v. Brathwaite, 432 U. S. 98 (97 SC 2243, 53 LE2d 140) (1977) and cits. In this connection, we note that we have viewed the photographs in the photographic array, the group photograph, as well as a photograph of the line-up, all of which are contained in the record; and all of the men in these photographs are black males of approximately the same age and description as the appellant.

2. An Atlanta police detective was being questioned by the prosecuting attorney, who asked the detective whether he had shown some photographs of the appellant to the witnesses. The detective responded that he had and that he had received a tip that the appellant "was an escaped — excuse me . . ." At this point, defense counsel requested that the jury be sent out of the courtroom, and a declaration of mistrial was requested. Rather than declare a mistrial, the trial judge instructed the jury to disregard the complained-of remarks by the detective.

While we disapprove the statement made by the detective, we hold that the trial judge did not abuse his discretion in giving the curative instructions rather than declaring a mistrial. E.g., *Sims v. State,* 243 Ga. 83 (4) (252 SE2d 501) (1979); *Googe v. State,* 237 Ga. 175 (227 SE2d 51) (1976).

3. The medical testimony was sufficient to establish the cause of death. See *Redfield v. State,* 240 Ga. 460 (1) (241 SE2d 217) (1978) and cits.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Lawrence L. Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Assistant Attorney General,* for appellee.