41392. PITTS v. THE STATE.
(321 SE2d 708)

WELTNER, Justice.

Carlton Pitts shot and killed Lewis Harris with a shotgun. He appeals his conviction of murder and sentence to life imprisonment.[1]

1. Pitts' first enumeration of error is that the trial court barred him from access to juvenile court records of four key prosecution witnesses, in violation of Davis v. Alaska, 415 U. S. 308 (94 SC 1105, 39 LE2d 347) (1974).

Pitts filed a "motion for disclosure of impeaching information" requesting that the state "make inquiry and disclose . . . any and all records and information regarding felony convictions or guilty verdicts attributable to each witness called by the prosecution." Pitts did not ask access to juvenile records, but requested the state to locate impeaching information, and deliver it as exculpatory material. There is no affirmative obligation on the prosecution to seek out information for the defense, although it might be more easily accessible to the prosecution, *Hines v. State*, 249 Ga. 257 (290 SE2d 911) (1982), and there is no error.

2. Pitts contends that the trial court erred in declining to advise the jury that there was no pre-trial lineup. Because the absence of a

---

[1] Pitts murdered Harris on September 5, 1983. He was convicted on January 20, 1984. His motion for new trial was filed January 30, 1984, and amended February 27, 1984, and March 2, 1984. The motion was overruled March 8, 1984. Notice of appeal was filed March 16, 1984. The transcript was filed in the superior court on October 18, 1983, and docketed in this court on July 26, 1984.

pre-trial lineup was never in issue, it was not error to refuse to charge. *Manson v. Brathwaite*, 432 U. S. 98 (97 SC 2243, 53 LE2d 140) (1977), on which he relies, is inapposite.

3. Pitts contends that the trial court erred in charging on flight. Four eyewitnesses testified that Pitts entered his car and drove down a dirt trail. Later that night, Pitts' brother drove him to a remote area of Jones County. Several days later, he surrendered. This evidence was sufficient to authorize a charge on flight. *Prince v. State*, 252 Ga. 82 (311 SE2d 433) (1984).

4. Pitts' fifth enumeration of error is that the trial judge should have charged *sua sponte* that Pitts surrendered voluntarily. Even if a request had been made, such a charge would address a factual, not a legal issue. *Hall v. State*, 141 Ga. 7 (80 SE 307) (1913).

5. Pitts contends that jury instructions on credibility relative to an accused who chooses to testify singled him out unfairly. The trial court gave the pattern charge from the superior court jury charge manual, as well as a similar charge pertaining to the credibility of all witnesses at trial. This enumeration is without merit. *Johns v. State*, 239 Ga. 681 (238 SE2d 372) (1977).

6. Pitts' seventh enumeration of error contends that the trial court should have instructed the jury as to voluntary manslaughter. Pitts' defense was alibi. There was no evidence of irresistible passion or of provocation, and this enumeration is without merit.

7. Pitts contends that photographs of the victim's wounds were gruesome and prejudicial. We agree that the photographs are gruesome, as they show the location and nature of the victim's wounds. We find, however, that they are not unduly prejudicial. *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).

8. Pitts contends that the trial court erred in refusing to sequester veniremen for individual voir dire. There is no showing of harm, thus we need not consider whether the trial court abused its discretion. *Thomas v. State*, 248 Ga. 247 (282 SE2d 316) (1981).

9. Pitts claims ineffective assistance of counsel, although in his motion and amended motions for new trial did not raise that ground. The trial court concluded that Pitts was provided adequate representation. We conclude from a review of the record that this finding is supported by the evidence.

10. The evidence was sufficient to enable a rational trier of fact to find Pitts guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 11, 1984 —
REHEARING DENIED OCTOBER 31, 1984.

*Walter J. Lane, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Charles H. Weston, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.