## 42151. PITTS v. THE STATE.
### (328 SE2d 732)

GREGORY, Justice.

The appellant, Carlton Pitts, was convicted of murder in Bibb Superior Court and sentenced to life imprisonment. This court affirmed his conviction. *Pitts v. State,* 253 Ga. 461 (321 SE2d 708) (1984). The appellant brings this direct appeal from the trial court's order denying his Extraordinary Motion for New Trial.

Effective July 1, 1984, OCGA § 5-6-35 was amended to require applications to appeal orders denying extraordinary motions for new trial when separate from an original appeal. OCGA § 5-6-35 (a) (7), Ga. L. 1984, p. 599. We have rendered a decision applying this section to a civil case, *American Druggist Ins. Co. v. Harris,* 253 Ga. 535 (322 SE2d 496) (1984). We now hold it applies to criminal cases as well. There being no application to appeal the trial court's order in this case, the appeal is dismissed.

*Appeal dismissed. All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

The legislature did not intend for any provision of OCGA § 5-6-35 to apply to criminal cases.

When this section was amended, Ga. L. 1984, p. 599, § 2, all references to criminal cases were deleted from the original bill as introduced in the House of Representatives. House Bill No. 877, Sec. 2 (a) was amended by adding eleven new grounds in which discretionary appeals applied. Section 2 (a) (6) dealt with "appeals in all misdemeanor cases in which incarceration is involved or in which the fine levied by the Court is $500.00 or less," and section (11) dealt with "appeals from the denial of a writ of habeas corpus seeking release from an extradition warrant."

The House passed out a committee substitute including sections 2 (a) (6) and (11), and the committee substitute passed the House.

The Senate Committee on Judiciary and Constitutional Law passed out a Senate committee substitute which deleted, among other things, sections 2 (a) (6) and (11).

The writer of this dissent met with two members of the Senate committee at which time the matter of criminal cases being covered by this section was discussed. It was agreed that everything pertaining to criminal cases would be stricken as this section was to deal with civil matters only. This was the intent when the original bill was passed in 1979, Ga. L. 1979, p. 619, §§ 3 and 6.

The bill went to a conference committee and members of the House conference committee contacted the writer. It was agreed to leave out old references to criminal matters as they were, by the writer's agreement with the Senate, to be left out.

This is in keeping with our general policy, evidenced by our readiness to grant out of time appeals in criminal cases, see, e.g., *Webb v. State*, 254 Ga. 130 (327 SE2d 224) (1985) to avoid the absolute denial of a criminal defendant's right to be heard in this court for procedural reasons. I fear, in addition, that this opinion will simply pose an invitation for a federal court to void the code section involved on constitutional grounds. For these reasons, I would hear the appeal of the denial of appellant's motion.

DECIDED APRIL 30, 1985.

*Alvin C. McDougald*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.