## 70179. CREWS v. THE STATE.
### (333 SE2d 176)

BEASLEY, Judge.

Crews was charged with the misdemeanor offenses of operating a motor vehicle while under the influence of alcohol, fleeing or attempting to elude the police, speeding, and possession of marijuana. The record shows that on October 20, 1982, Crews, while represented by counsel, entered pleas of nolo contendere to the four charges. On the same day, the trial court accepted the pleas as to all but speeding and sentenced defendant to twelve months probation and $350 fine for operating an auto while intoxicated, a concurrent twelve months probation and $100 fine for fleeing or attempting to elude, and a concurrent twelve months on probation and $150 fine for the possession of marijuana. The speeding charge was merged with the charge of attempting to elude.

Nearly two years later, on May 10, 1984, Crews filed a petition for writ of error coram nobis in which he alleged that the state was to have entered an order of nolle prosequi as to the charge of fleeing or attempting to elude and that because of the alleged agreement to nolle prosequi he refrained from presenting a valid defense to the charge.

Following an evidentiary hearing at which defendant testified he thought the eluding charge was to be merged and at which his attorney stated in his place that he understood that the charge would be dead docketed, the sentencing court denied the petition for writ of error coram nobis by order of July 19, 1984. Crews then filed this direct appeal.

"What is a 'writ of error coram nobis'? . . . " 'A writ of error coram nobis lies for an error of fact not apparent on the record, not attributable to the accused's negligence, and which, if before the court, would have prevented rendition of the judgment . . . The writ

has become obsolete, having been superseded by the modern practice of applying to the court by motion for the relief sought." ' " *Waye v. State*, 239 Ga. 871, 872, 873 (238 SE2d 923) (1977). It is the ancestor of the current extraordinary motion for new trial. *Waye v. State*, supra at 873; *Grant v. State*, 159 Ga. App. 2, 4 (282 SE2d 668) (1981). See also *State v. Asinoff*, 173 Ga. App. 573 (327 SE2d 237) (1985).

OCGA § 5-6-35 (a) (7), which became effective July 1, 1984, provides that an application for appeal is required for "[a]ppeals, when separate from an original appeal, from the denial of an extraordinary motion for new trial; . . ."

Where applicable, requirements of OCGA § 5-6-35 are jurisdictional and the appellate court has no authority to accept an appeal in the absence of compliance with these statutory provisions. Accordingly, appellant's failure to obtain an order of this court permitting the filing of the instant appeal must result in its dismissal. *Hogan v. Taylor County Bd. of Education*, 157 Ga. App. 680 (278 SE2d 106) (1981); *Pitts v. State*, 254 Ga. 298 (328 SE2d 732) (1985).

*Appeal dismissed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 3, 1985.

*Donald C. Turner*, for appellant.
*James L. Webb, Solicitor*, for appellee.