### 73222. McDONALD v. THE STATE.

(350 SE2d 581)

Defendant seeks to directly appeal the denial of his extraordinary motion for new trial based on newly discovered evidence. Defendant's motion was filed and determined after the filing of his appeal from his trial and conviction of voluntary manslaughter. Since OCGA § 5-6-35 (a) (7) requires a discretionary application where there is an order in a criminal case denying an extraordinary motion for new trial when separate from an original appeal, this appeal is dismissed. Doby v. State, 179 Ga. App. 285 (346 SE2d 89) (1986); Pitts v. State, 254 Ga. 298 (328 SE2d 732) (1985).

ON MOTION FOR REHEARING.

BEASLEY, Judge.

Appellant has moved for rehearing with respect to the order of September 11 dismissing the appeal, and has also filed an amended motion for rehearing in that regard.

Defendant filed a notice of appeal from the trial court's order denying his extraordinary motion for new trial. He did not file an application for review but instead filed a direct appeal in this Court. The record came without transcript, and before any action by this Court in the case, defendant moved that the case be returned to the trial court for further proceedings. That was done and the appeal was stricken from the docket of the Court of Appeals by order of August 1.

When the case came back with the transcript, it was still not by application but by direct appeal. When appellant moved to consolidate this appeal with the direct appeal from the conviction and sentence, the motion was granted "for good cause shown," to draw the two cases together for oral argument for the convenience of the parties' counsel and the Court. The Court's order of September 2 dealt solely with that issue and gave the new briefing dates.

In reviewing the content of the case, it became apparent that the case required an application for discretionary review. OCGA § 5-6-35 (a) (7); Doby v. State, 179 Ga. App. 285 (346 SE2d 89) (1986); Pitts v.

*State*, 254 Ga. 298 (328 SE2d 732) (1985). That not having been done, the appeal was dismissed by order of September 11 so as to save the parties the time and expense of preparing briefs and oral argument. The use of the proper method being jurisdictional, *Crews v. State*, 175 Ga. App. 300 (333 SE2d 176) (1985), we are bound to deny the motion as amended and adhere to our previous order of dismissal.

*Motion denied. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1986 —
REHEARING DENIED OCTOBER 30, 1986.

*Frank K. Martin*, for appellant.
*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.