## 74904. CAMPBELL v. THE STATE.
(363 SE2d 293)

CARLEY, Judge.

Appellant was indicted on three counts of aggravated assault and was tried before a jury in the Superior Court of Cobb County. The jury returned verdicts of guilty on all three counts. The trial court denied appellant's motion for new trial and he appeals from the judgments of conviction and sentences entered on the jury verdicts.

The sole enumeration is that the trial court erred in "refus[ing] to inquire into the Specific Selection procedures of the all white jury Venire." Appellant did make a timely challenge to the array. However, the trial court did not refuse to consider that challenge. Instead, appellant failed to offer any evidence to support his challenge, relying instead upon the mere observation that there were no blacks included among the forty-two potential jurors. "The burden is upon the defendant challenging the array of a jury to establish a prima facie case that there has been systematic exclusion of a distinct class of citizens. [Cit.]" *Orkin v. State*, 236 Ga. 176, 191 (4) (223 SE2d 61) (1976). " 'Purposeful discrimination is not shown by evidence that a single panel from whom 12 are chosen for the jury contained a disproportionately small percentage of women or blacks compared to the population at large.' [Cits.]" *McGinnis v. State*, 135 Ga. App. 843, 844 (1) (219 SE2d 485) (1975). "In order to show systematic exclusion, the defendant must demonstrate sufficiently to establish a prima facie case that (1) the sources from which the jury list was drawn are tainted in that they provide the opportunity for discrimination, and (2) that use of these sources resulted in a substantial disparity between the percentages of the separate class on the jury list and in the population as a whole. [Cits.] Implicit in these requirements is that the defendant has the burden of showing that the group he seeks to prove has been systematically excluded constitutes a distinct and separate class of citizens. [Cits.]" *Orkin v. State* supra at 191 (4). Here, appellant made no evidentiary showing such as would factually distinguish our Supreme Court's recent holding in *Pope v. State*, 256 Ga. 195, 196 (1) (345 SE2d 831) (1986): "[The] contention that blacks are unconstitutionally underrepresented on the Cobb County traverse jury list is answered by *Cook v. State*, 255 Ga. 565 (11) (340 SE2d 843) (1986), wherein we found the underrepresentation of blacks on the Cobb County jury lists . . . to be constitutionally insignificant whether analyzed absolutely or comparatively."

Appellant's reliance on *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986), is misplaced. That case dealt with the use of peremptory challenges to exclude blacks, who had been called for jury duty, from actually serving as jurors. It did not deal with a challenge to the array itself. Appellant had "no right to a jury se-

lected from a list which perfectly mirrors the percentage structure of the community. What is required is a list which represents a *fair* cross-section of the community and which is not the product of intentional racial or sexual discrimination. [Cit.]" (Emphasis in original.) *Cook v. State*, supra at 573 (11). Appellant having failed to make a prima facie showing that the all white venire was not a fair cross section of Cobb County and was a product of intentional racial discrimination, the trial court did not err overruling appellant's challenge.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 6, 1987 —
REHEARING DENIED NOVEMBER 19, 1987 — 

*Linda B. Borsky*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.