75473. SIMMONS v. THE STATE.
(369 SE2d 36)

BEASLEY, Judge.

Defendant, caught in the home he had broken into by passing friends of the owners, appeals his burglary conviction. OCGA § 16-7-1 (a).

1. Defendant was appointed counsel for his trial and separate counsel for his appeal. Counsel has enumerated errors and has briefed those. In addition, she appended defendant's pro se arguments concerning several issues, some of which are covered by counsel and some of which are not enumerated or argued by counsel. Defendant is apparently under the mistaken impression that he is entitled to have counsel and also to represent himself. He is entitled to either, not both. Ga. Const. 1983, Art. I, Sec. I, Par. XII & Par. XIV; *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986); *Jones v. State*, 171 Ga. App. 184, 185 (2) (319 SE2d 18) (1984). Therefore, we will consider the enumerations and arguments presented by counsel, whose representation of appellant has not been rejected.

2. After a jury panel had been called into the courtroom for voir dire and striking, defendant's counsel orally moved to empanel another array on the ground that the panel was all white and defendant was black. The only authority cited was *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Defendant was given an opportunity to pursue the matter after he presented his *Batson* argument, but stated that he had nothing further.

Pretermitting whether defendant properly challenged the array, having filed no written motion as required by OCGA § 15-12-162, the issue presented has been decided adversely to defendant. In *Campbell v. State*, 185 Ga. App. 3 (363 SE2d 293) (1988), a timely challenge to the array was made, and the error similarly urged was that the trial court erred in refusing to inquire into the selection procedures of the all-white jury venire.

Campbell did not offer any evidence to support his challenge, instead relying upon "the mere observation that there were no blacks included among the forty-two potential jurors." *Campbell* held that such a challenge is legally insufficient and that defendant's reliance on *Batson* for it is misplaced. *Batson* targets the State's discriminatory use of peremptory challenges, not the racial composition of the array.

3. Defendant challenges the admission of evidence of another incident on the basis that there was no criminal conviction. Although

not in the record, it appears there was a pretrial hearing on the subject. The objection then and at trial was that it was insufficient evidence of another burglary.

The evidence of the incident on trial was that defendant was seen at approximately 2:30 p.m. on April 15 going into the Roberts residence by two friends of the Robertses' son. They investigated and found the back door broken into. They encountered defendant rummaging through their friend's bedroom. Defendant offered to get them high and to give them $50 each and a handful of gold jewelry which he displayed, if they would not turn him in to the police. He then attempted to run, dropping some of the jewelry and they apprehended him. The police arrived to take defendant into custody and, upon searching defendant, found additional jewelry.

Part of it belonged to Ms. Griffin, who lived within two blocks of the Robertses. She had been home that day for lunch from 1:00 to 2:00 p.m. and had left her house locked. Upon returning at 4:30, she found it broken into and her jewelry missing.

The State tendered this evidence as part of the res gestae, not as a "like act" introduced to show the purposes enumerated in *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980). "[W]here . . . evidence of other transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime or the identity of the perpetrator thereof, such evidence is admissible as an exception to [the general rule excluding such evidence]." *Spurlin v. State*, 228 Ga. 2, 5 (4) (183 SE2d 765) (1971); *Graham v. State*, 171 Ga. App. 242, 254 (14) (319 SE2d 484) (1984).

Defendant used the fruits of an earlier incident in an effort to deter his captors from reporting the burglary on trial. Such evidence is within the rule of *Spurlin*. There need not be a charge or conviction relating to it for a criminal act to be introduced. *High v. State*, 153 Ga. App. 729, 731 (2) (266 SE2d 364) (1980). Nor need it be proven beyond a reasonable doubt. *Kilgore v. State*, 251 Ga. 291, 297 (3) (c) (305 SE2d 82) (1983). Recent possession of stolen goods raises an inference that the possessor stole them and is sufficient for admission under the present circumstances. *Byrd v. Hopper*, 234 Ga. 248, 250 (215 SE2d 251) (1975); *Napier v. State*, 184 Ga. App. 770, 773 (4) (362 SE2d 501) (1987).

4. Finally, defendant complains of the introduction of his mug shot, taken in connection with a 1978 Indiana charge.

Defendant here pleaded not guilty by reason of insanity, based on his cocaine addiction. His wife testified that from February to April 1986 he had become severely addicted to cocaine and had become disheveled in appearance. Prior to that time, she said, he had been neat in appearance.

In rebuttal, the State offered the 1978 photo to show what it contended was the unkempt appearance of defendant in 1978, thus negating this recent addiction/insanity defense. All markings indicating that the photo was a mug shot were removed and no reference was made to it as a mug shot in the jury's presence. The case relied on by defendant, *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982) involved not only use of and reference to "mug shots" in the jury's presence, but also the definition of them as "pictures of individuals that we have had previous cases on." This was held to have placed defendant's character in issue by identifying him as having a prior record of criminal offenses.

Admission of a mug shot, even with the identifying numbers left on it, does not indicate that an accused has been convicted of any previous crime and is not error. *Dorsey v. State*, 183 Ga. App. 409 (1) (359 SE2d 195) (1987).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur in the judgment only.*

DECIDED MARCH 16, 1988 —
REHEARING DENIED APRIL 21, 1988 — ▉▉▉▉▉▉▉▉

*Linda B. Borsky*, for appellant.
*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.