## A89A1200. STURDY v. THE STATE.
(383 SE2d 632)

McMurray, Presiding Judge.

Defendant was charged, via accusation, with driving under the influence of alcohol to an extent which rendered him a less safe driver under the provisions of OCGA § 40-6-391 (a) (1) and also charged with speeding.

At trial, Officer C. L. Gober of the Georgia State Patrol testified that he stopped defendant for "speeding" on September 23, 1988. He further testified he observed defendant was unsteady on his feet; that defendant had "a strong odor of alcohol on his breath" and that he "gave [defendant] an alkasensor test." Officer Gober described an "alkasensor" as "a portable intoximeter, it's a little small hand-held device that [law enforcement officers] use on the scene to determine whether or not the person needs to be taken to the jail for an intoximeter test [and that the alkasensor] measures the amount of alcohol, if you've consumed any alcohol it gives a digital readout . . . to show the amount." Officer Gober then testified that defendant tested "positive" for alcohol on the "alkasensor" and that "[d]ue to the high level of the results of the alkasensor test[, he] didn't feel any need to conduct any additional [field sobriety] test[s]."

Defendant's counsel immediately objected and moved for a mistrial, arguing that the numerical results of defendant's "alkasensor" test is inadmissible; that Officer Gober's testimony regarding the "high" results of defendant's test was "exactly the same as giving the [numerical] results" and this testimony was "going to cost [defendant his] right to a fair trial . . . ." The trial court stated that the propriety of Officer Gober's testimony is "certainly a close question" and asked defense counsel, "do you want me to try to give some curative instructions which may call more attention to this [testimony]?" Defendant's attorney responded, "Hobson's choice," and pressed his motion for mistrial. The trial court agreed that the giving of curative instructions was a "Hobson's choice" but denied defendant's motion and instructed the jury as follows: "Ladies and Gentlemen let me state to you first that the results, specific results of an alkasensor are not admissible in court and to the extent that there was an indication of a specific result of the intoximeter you are not to consider that at all, the only thing that is admissible is whether or not the results were positive or negative for the presence of alcohol."

Officer Gober finally testified that defendant's face and eyes "appeared to be a little red" on the night he was stopped; that defendant

refused to submit to a State administered "intoximeter test" and that, based on his expertise as a law enforcement officer, defendant was then a less safe driver due to "intoxication." Defendant was found guilty of driving under the influence of alcohol to an extent which rendered him a less safe driver and also was found guilty of speeding. This appeal followed solely as to the conviction and sentence for driving under the influence of alcohol to an extent which rendered him a less safe driver. *Held*:

In his sole enumeration of error, defendant contends "[t]he trial court erred in allowing [Officer Gober to] testify as to the specific results of the alkasensor test given to [him]."

At the outset, we note that "[t]he trial court's role, in considering a mistrial, is to determine if such 'is essential to the preservation of the right to a fair trial, . . .' *Stanley* [*v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315)]; *Eaton v. State*, 184 Ga. App. 645, 646 (2) (362 SE2d 375) (1987). Our role, as an intermediate appellate court, is limited to correcting lower court errors of law. Ga. Const. 1983, Art. VI, Sec. V, Par. III; *Byrd* [*v. State*, 171 Ga. App. 344, 345 (3) (319 SE2d 450)]." *Whiteley v. State*, 188 Ga. App. 129 (1), 131 (372 SE2d 296).

From this perspective, we observe in the case sub judice that the State's attorney was directed by the trial court before trial to instruct Officer Gober not to mention the specific "numerical results" of defendant's "alkasensor" test. However, after Officer Gober testified that defendant tested "positive" on the "alkasensor" machine, the State's attorney asked Officer Gober why he didn't subject defendant to further field sobriety tests. The witness promptly responded that he did not "[d]ue to the high level of the results of the alkasensor test . . . ." Under these circumstances, it is not an unreasonable conclusion that the State's attorney was not surprised by Officer Gober's response that defendant's "alkasensor" test was "high." If the State's attorney intended such a response, it was recklessly flawed since the characterization of the results of defendant's "alkasensor" test as "high" is inadmissible evidence of the *degree* of defendant's intoxication. See *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693); *Turrentine v. State*, 176 Ga. App. 145 (1), 146 (335 SE2d 630), and *Whiteley v. State*, 188 Ga. App. 129 (1), 130, supra. However, "[t]he trial court has broad discretion in fashioning a remedy to alleviate a problem created by the utterance of inadmissible evidence, and its exercise may not be reversed unless abused. See discussion, 28 Encyc. Ga. Law, 'Trial' § 46." *Whiteley v. State*, 188 Ga. App. 129 (1), 130, supra.

In light of the trial court's curative instructions and in light of the other evidence, which was sufficient by itself to support the jury finding that defendant was guilty beyond a reasonable doubt of driving under the influence of alcohol to an extent which rendered him

less safe driver, we find no abuse in the trial court's discretion in denying defendant's motion for mistrial. *Whiteley v. State,* 188 Ga. App. 129 (1), supra. Compare *Hunter v. State,* 143 Ga. App. 541, 543 (5) (239 SE2d 212), and *Channell v. State,* 172 Ga. App. 156 (322 SE2d 356).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JUNE 21, 1989.

*Edward T. M. Garland, Charles G. Haldi,* for appellant.

*Lydia S. Jackson, Solicitor, Raymond E. George, Assistant Solicitor,* for appellee.