## S91A0593. STANLEY v. THE STATE.
### (405 SE2d 493)

HUNT, Justice.

Brian Stanley was indicted, tried and convicted for the murder and armed robbery of Terry Vinyard in Whitfield County and given a life sentence.[1] He appeals urging error in the admission of his in-custody statement and in the trial court's failure to give a requested charge on voluntary manslaughter and to direct a verdict of acquittal. We affirm.

Following a tip from a railroad conductor concerning a suspicious person beside the railroad tracks, police found the defendant, Stanley, sitting on the concrete support of a railroad bridge over Mill Creek, eating crackers and drinking a Coke. There was blood on the ground around his feet, and nearby were a cold drink cooler, a bottle of liquor, cigarettes and other personal items in a gym bag. Stanley gave his name as "John Redford." He explained, upon one officer's questions about the blood, that he had a nose bleed and cleaned himself off in the creek. No blood was seen on his face, but the officer

---

[1] The victim was killed on May 19, 1990. The defendant was indicted on June 7, and convicted on November 8. He filed his motion for new trial on November 30, which was overruled on January 10, 1991. The court reporter certified the transcript on January 4. The defendant filed his notice of appeal on January 23 and the case was docketed in this court on January 29, and submitted for decision on March 15.

noticed his clothes were wet and his tennis shoes were covered with blood.

Meanwhile, the other officer, searching nearby, found the body of the victim, Terry Vinyard, in a ditch about 20 feet away. An autopsy showed the victim had been stabbed about 25 times, and his larynx and jawbone had been destroyed. Impressions left on the victim's neck were similar to the tread on the defendant's tennis shoes, and bruises in the kidney area, over cracked ribs, were consistent with those that might be caused by the toe of a shoe. The blood on the defendant was the same type as the victim's. The victim's blood alcohol level was .30 grams.

Stanley was arrested and the victim's wallet and keys were found in his possession; a bloody knife was found in the gym bag. While in custody, the defendant complained several times that his right foot was hurting, but consistently denied any knowledge of the victim's death.

An employee of a liquor store near the railroad tracks where the defendant was arrested testified he knew the victim, who was a regular customer, and that the victim had purchased liquor, cigarettes, and a 12-ounce Coke, similar to the items found at the scene, at about 9:00 p.m. that evening. He also stated he had not made a sale to anyone resembling the defendant.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980). The trial court did not err in refusing to direct a verdict of acquittal.

2. Because there was no evidence to support a verdict of voluntary manslaughter, the trial court did not err in refusing to give the defendant's requested charge. *Pitts v. State*, 253 Ga. 461 (6) (321 SE2d 708) (1984). The defendant consistently denied any knowledge of the events leading to the victim's death, and there was no evidence suggesting that the victim in any way provoked the defendant.

3. Any statements made to the police by Stanley concerning the condition of his own foot were made after appropriate *Miranda* warnings had been given, and the admission of these statements was not error for any reason asserted by Stanley. *Williams v. State*, 249 Ga. 839 (4) (295 SE2d 74) (1982), and *Rhode Island v. Innis*, 446 U. S. 291 (100 SC 1682, 64 LE2d 297) (1980), relied on by Stanley, are distinguishable because the defendants in those cases, unlike Stanley, had invoked their right to consult an attorney.

*Judgment affirmed. All the Justices concur.*

Decided July 3, 1991.

Bates, Kelehear & Starr, Harlan M. Starr, for appellant.

Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines, for appellee.