A91A0431, A91A1284. SCOTT v. THE STATE.
(408 SE2d 495)

BANKE, Presiding Judge.

After reversal of a first conviction for armed robbery because of an improper jury instruction, the appellant was again tried and convicted on the charge. Following the denial of his motion for new trial, the appellant filed a motion for appointment of new counsel and for leave to amend the motion for new trial. The trial judge appointed new counsel and granted the motion for leave to amend, treating it as a motion for an out-of-time appeal from the denial of the motion for new trial. The appellant's counsel thereafter filed a notice of appeal, resulting in docketing in this court of Case No. A91A0431. Subsequently, the appellant, acting pro se, filed an extraordinary motion for new trial. Case No. A91A1284 is the appellant's pro se appeal from the denial of that motion. *Held*:

1. The appeal in Case No. A91A1284 is dismissed for want of jurisdiction, based on the appellant's failure to follow the application procedures applicable to "[a]ppeals, when separate from an original appeal, from the denial of an extraordinary motion for new trial." OCGA § 5-6-35 (a) (7). See *Pitts v. State*, 254 Ga. 298 (328 SE2d 732) (1985); *McDonald v. State*, 180 Ga. App. 713 (350 SE2d 581) (1986).

2. The appellant enumerates as error the denial of his motion to suppress evidence of a pre-trial photographic lineup from which the victim had identified him, contending that there were too few photographs in the array and that he was prejudiced by the fact that his photo was a mug shot. Six photographs were shown to the victim, all of which were mug shots; and the victim was able to identify the appellant and his co-defendant from this display without hesitation. The cases dealing with photographic lineups have not established a minimum number of photographs required to be included in the display but require only that the procedure not be impermissibly suggestive. The victim in the present case testified at trial that the location

where the crime had occurred was well-lit and that he had been able to see his attackers clearly, notwithstanding the fact that a Mace-like substance was sprayed into his face. Cf. *Moye v. State*, 127 Ga. App. 338, 341 (193 SE2d 562) (1972). Based on the totality of the circumstances, the trial court was authorized to conclude from the evidence both that the photographic display was not impermissibly suggestive and that an independent basis existed for the victim's in-court identification of the appellant. Hence, the court did not err in admitting this evidence. See generally *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Jones v. State*, 251 Ga. 361 (306 SE2d 265) (1983); *Caylor v. State*, 155 Ga. App. 489 (1) (270 SE2d 924) (1980).

3. The trial court did not err in denying the appellant's motion for a directed verdict of acquittal. As previously indicated, the victim had promptly and unequivocally identified the appellant from the photographic display as the person who had robbed him at gunpoint. Moreover, it was shown that within a few hours after the robbery, the appellant was involved in a police chase while driving the victim's van. The evidence, considered as a whole, was amply sufficient to enable a rational trier of fact to find the appellant guilty of armed robbery beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Acting pro se, the appellant has filed with this court a document, captioned "Motion to Amend Appellants [sic] Brief," which seeks to add three new enumerations of error not contained in the original brief filed in Case No. A91A0431. Inasmuch as these enumerations of error were not filed within the time allowed by Rule 14 (a) of this court, they present nothing for review. See *Parham v. State*, 166 Ga. App. 855 (2) (305 SE2d 599) (1983).

*Judgment affirmed in Case No. A91A0431. Appeal dismissed in Case No. A91A1284. Carley and Beasley, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1, 2, and 3. As to Division 4, even if the attempted additional enumerations of error were timely, they would not be properly presented for consideration. Appellant has no right to both represent himself and be represented by counsel. Ga. Const. 1983, Art. I, Sec. I, Par. XII. *Simmons v. State*, 186 Ga. App. 886 (1) (369 SE2d 36) (1988).

I am authorized to state that Judge Carley joins in this special concurrence.

DECIDED JULY 15, 1991.

*Patrick G. Longhi*, for appellant.
*Lewis R. Slaton, District Attorney, Katherine B. Monahan, Jo-*

seph J. Drolet, *Assistant District Attorneys*, for appellee.