A91A1862. BOHANNON v. THE STATE.
(417 SE2d 679)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of burglary and kidnapping with bodily harm. Thereafter, no timely motion for new trial or notice of appeal was ever filed. Appellant brings this direct appeal from the denial of his extraordinary motion for new trial.

"Extraordinary motions for new trial are not favored. [Cit.] Such motions are contemplated for events that do not ordinarily occur in the transaction of human affairs. [Cit.]" *Cade v. State*, 107 Ga. App. 30 (1) (129 SE2d 405) (1962). " 'And such an extraordinary state of facts must have been unknown to the movant or his counsel at the time when an ordinary motion for a new trial could have been filed, and must have been impossible to ascertain by the exercise of proper diligence for that purpose.' [Cits.]" *Patterson v. State*, 228 Ga. 389, 390-391 (2) (185 SE2d 762) (1971). Appellant's extraordinary motion for new trial was based only on the general grounds and various evidentiary rulings made during the course of the trial. Obviously, these are matters which, in the exercise of proper diligence, appellant or his counsel could and should have discovered and raised in a timely filed ordinary motion for new trial. *Gaddis v. State*, 245 Ga. 200 (265 SE2d 275) (1980); *Goodwin v. State*, 240 Ga. 605 (242 SE2d 119) (1978); *Bishop v. State*, 117 Ga. App. 93 (2) (159 SE2d 477) (1968); *Cade v. State*, supra. Accordingly, assuming, without deciding, that we have jurisdiction over this direct appeal (but see *Davis v. State*, 182 Ga. App. 736 (356 SE2d 762) (1987)), the judgment must be affirmed. If appellant is to secure a direct review of those issues that could and should have been raised in a timely motion for new trial, he must secure a proper written order from the trial court granting him the right to file an out-of-time appeal. *Cannon v. State*, 175 Ga. App. 741

(334 SE2d 342) (1985).

If the dissent's analysis were correct, neither a civil nor a criminal appellant would *ever* have to comply with the jurisdictional 30-day limitation established by OCGA § 5-6-38 (a). A civil or criminal appellant could simply file an extraordinary motion for new trial, asserting therein only issues that could and should have been raised in a timely motion for new trial, and then secure a direct appeal by filing a notice of appeal within 30 days of the denial of the extraordinary motion for new trial. Whatever else OCGA § 5-6-35 (a) (7) means, it does *not* purport to *confer direct* appellate jurisdiction to consider the *merits* of issues that could and should have been raised in a timely motion for new trial. The law is otherwise clear that an extraordinary motion for new trial is properly denied and will be affirmed on appeal if the motion raises only issues that could and should have been raised in a timely motion for new trial. *Gaddis v. State,* supra. The law is also otherwise clear as to the proper method by which a criminal appellant can secure a direct appellate review of issues that could and should have been raised in a timely motion for new trial. That method is to secure leave to file an out-of-time appeal by demonstrating that the lack of diligence was attributable to his counsel and not to himself. *Cannon v. State,* supra. It is that proper method which appellant in the instant case must follow. To hold, as the dissent suggests, would penalize neither civil nor criminal appellants for their own lack of diligence in pursuing their appellate rights and would effectively repeal the jurisdictional 30-day limitation established by OCGA § 5-6-38 (a).

*Judgment affirmed. Sognier, C. J., Birdsong, P. J., Pope, Andrews and Johnson, JJ., concur. McMurray, P. J., Beasley and Cooper, JJ., dissent.*

BEASLEY, Judge, dissenting.

I dissent because appellant is entitled to have the merits of his appeal ruled on. The procedure utilized in this case, while rarely used, demands it.

It is true that defendant could have simply sought permission to file an out-of-time appeal from the judgment and, if it was granted, come straight to this court. *McAuliffe v. Rutledge,* 231 Ga. 745, 746 (204 SE2d 141) (1974); *Harper v. State,* 154 Ga. App. 550, 551 (269 SE2d 56) (1980). Instead, he chose to first ask the trial court for a new trial.

This procedure invokes not only adjudication on questions of law but also, beyond that, the sound discretion of the trial court. For example, it can consider "principles of justice and equity." OCGA § 5-5-20. It is expressly empowered to "exercise a sound discretion in granting or refusing new trials" in certain cases. OCGA § 5-5-21. With re-

spect to non-statutory grounds, the trial court "must exercise a sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts." OCGA § 5-5-25. Its extensive power to grant new trials is enlarged by the authority to grant a new trial even on its own motion. OCGA § 5-5-40 (h).

On the other hand, a direct appeal brings up only questions of law ruled upon by the lower court, as this court is "a court of review." Ga. Const. 1983, Art. VI, Sec. V, Par. III. *Sturdy v. State*, 192 Ga. App. 71, 72 (383 SE2d 632) (1989); *Jefferson v. State*, 157 Ga. App. 324, 326 (2) (277 SE2d 317 (1981). The Court of Appeals does not have the discretion afforded to the court which witnessed the trial. Nor may this court consider matters such as a claim of ineffective assistance of counsel, unless ruled on below. *Moore v. State*, 176 Ga. App. 882, 883 (2) (339 SE2d 271) (1985).

These factors make a motion for new trial, albeit late, more desirable both to the interests of defendant, who obtains a broader opportunity for new trial, and judicial economy. The latter is frustrated when, for example, the claim of ineffective assistance of counsel is made for the first time on appeal and the case must be remanded for a hearing on the same, see *Weems v. State*, 196 Ga. App. 429, 431 (395 SE2d 863) (1990) (and Beasley, J., concurring in part and dissenting in part), or defendant must file a habeas corpus petition on that ground because he waived it in the court which held the trial. See *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991); *Smith v. State*, 192 Ga. App. 246, 247 (384 SE2d 451) (1989) (and Beasley, J., concurring specially).

We do have jurisdiction over this direct appeal. Defendant's motion for new trial was filed beyond the 30-day period for a timely appeal, OCGA § 5-5-40 (a), so it automatically became an extraordinary motion by virtue of OCGA § 5-5-41 (b).

OCGA § 5-6-35 (a) (7) requires an application for permission to appeal from the denial of an extraordinary motion for new trial "when separate from an original appeal." This case is not separate from the original appeal; it is incorporated with it. Defendant has not had a direct appeal yet, and his grounds for new trial indicate the grounds he desires to be considered on this, his first appeal. His enumerations of error are almost identical to the grounds asserted in his motion.

*Davis v. State*, 182 Ga. App. 736 (356 SE2d 762) (1987), the case cited in the majority opinion, was simply an appeal from a dismissal of an extraordinary motion for new trial based on newly discovered evidence. It was "separate from an original appeal" so of course required an application in this court, as required by OCGA § 5-6-35 (a).

*Pitts v. State*, 254 Ga. 298 (328 SE2d 732) (1985), cited in *Davis*, involved an appeal separate from the direct and original appeal. Pitts

had already had a direct appeal, and the Supreme Court had affirmed his conviction. The case cited was thus his second appeal, and according to the statute, needed permission of the appellate court before he could proceed with it. What is contemplated is that a criminal defendant is entitled to only one appellate crack at a conviction as a matter of right.

The opinion in *Martin v. State*, 185 Ga. App. 145, 146 (1) (363 SE2d 765) (1987), which regards that case as *not* separate from the original appeal, does not decide otherwise. The situation in *Ibietator-remendia v. State*, 174 Ga. App. 786 (332 SE2d 20) (1985), is not described.

In *McDonald v. State*, 180 Ga. App. 713 (350 SE2d 581) (1986), the extraordinary motion for new trial "was filed and determined after the filing of his appeal from his trial and conviction. . . ."

*Doby v. State*, 179 Ga. App. 285 (346 SE2d 89) (1986), held that appellant needed our discretionary permission because he already had a direct appeal in which this Court had affirmed his conviction. Appellant Bohannon has not had that.

In *Crews v. State*, 175 Ga. App. 300 (333 SE2d 176) (1985), the nature of the appeal made it separate from any direct appeal. Appellant was not seeking to appeal from his conviction for fleeing or attempting to elude but rather from the denial of the court to merge or dead docket that charge.

Unless this case is an instance of what is expressly excluded from OCGA § 5-6-35 (a) (7), how would there ever be an instance of the excluded class of cases? One would not have a timely direct appeal (where a notice of appeal is filed within 30 days) along with an extraordinary motion for new trial because the latter is what is filed after the 30 days. OCGA § 5-5-41.

Even in the situation where the motion for new trial is "extraordinary" for the sole reason that it is tardy, as here, there is *still* the condition that "some good reason must be shown why the motion was not made during [the 30-day] period, which reason shall be judged by the court." OCGA § 5-5-41 (a). Defendant realized that and filed a motion "to allow filing of his [late] motion for new trial," explaining why it was late. The motion was twice set for hearing. At the hearing on this motion, the court expressly said it granted permission for the filing of a motion for new trial and briefs. The day after the hearing the motion for new trial was filed and later amended to raise other than the general grounds.

Although there is no signed order allowing this motion for new trial after finding "some good reason" for it to be late, the trial court acted on the permission orally granted by setting a hearing on the (amended) motion and then ruling on it several months after the date for that hearing on whether it ought to grant a new trial. In denying

the motion for new trial as amended, the court "considered the record . . . , the briefs and argument of counsel." Defendant had filed a brief in support of the amended motion on the day set for the hearing.

Thus, this is not an appeal from a denial of the opportunity to file a late motion for new trial. It is an appeal from a denial of the amended motion for new trial on its merits.

When the trial court finds that an extraordinary motion for new trial is entertainable in that the tardiness is satisfactorily explained, the court can then consider the substance of the motion, which it did in this case. Excusing the tardiness renders the motion an ordinary one, so that the ruling on its substance as well as the judgment of conviction is directly appealable under OCGA § 5-6-38 (a). See *Vroman v. Peeples*, 173 Ga. App. 592 (327 SE2d 563) (1985).

Defendant filed a timely notice of appeal from the denial of the motion for new trial. His timely enumerations of error, supported by briefs, are properly before us for review. He does not complain that the court refused to entertain his late motion for new trial, which he would not do because the court allowed it. He complains that the court erred on the substantive grounds.

Yet the majority "affirms" a non-existent denial of the opportunity to file a late motion for new trial by stating that it is affirming the denial of the extraordinary motion. But it has not considered the grounds of that motion or the court's rulings on them, and the posture of the case puts those matters before us.

There are nine enumerations of error, relating to sufficiency of the evidence, the introduction of evidence of similar transactions, and certain "character assassination" issues. It is error to affirm the denial of the motion for new trial without addressing those issues.

We should treat this case in the same way as we treated the current case of *Henderson v. State*, 203 Ga. App. 733 (417 SE2d 413) (1992). In April 1991, Henderson filed an extraordinary motion for new trial, "for good cause shown," long after the 30 days from the judgment of July 1990. See OCGA § 5-5-41. The court granted permission to file a late motion for new trial. That motion was then filed, and the general grounds as well as other alleged trial errors were raised.

The court subsequently denied the motion for new trial and a direct appeal was taken within 30 days thereafter. It was from both the judgment and the denial of the motion, and thus was exempted from the discretionary appeal procedure. See OCGA § 5-6-35 (a) (7). Some of the grounds urged in support of the motion for new trial were raised again as enumerations of error. We considered the case as a timely direct appeal.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED MARCH 13, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992 —

*Alden W. Snead, J. M. Raffauf,* for appellant.
*David McDade, District Attorney,* for appellee.