## A97A0818. JACKSON v. THE STATE.
(490 SE2d 430)

SMITH, Judge.

Anthony Otto Jackson was convicted by a jury on August 6, 1996, of armed robbery, false imprisonment, and burglary. He was sentenced to serve a term of life plus 20 years. He was represented at trial by retained counsel. No motion for new trial or notice of appeal was filed within the time authorized by law.

On September 24, 1996, however, Jackson filed in the trial court a pro se motion in forma pauperis for production of documents and records pursuant to provisions of OCGA § 9-11-34 (1) (b), seeking the transcript of his trial and other items. Citing OCGA § 9-15-2 (d), the trial court denied that motion, finding that Jackson had "failed to make an appropriate showing of necessity or justification" and that the motion showed "on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief."

After sending a long letter to the Council of Superior Court Judges, Jackson again filed in the trial court a motion for the production of documents, including the trial transcript, claiming he was precluded from appealing his conviction because he had no access to these documents. The trial court again denied Jackson's motion, noting that "some of the requested documents were furnished to Petitioner's employed counsel . . . prior to and during trial, and it further appearing that there are no pending proceedings relative to this matter."

Jackson brings this appeal from the trial court's denial of his motion. He contends that his retained counsel "abandoned" him and that he needs the documents requested to perfect an appeal, to which he is entitled as a matter of right.

Because a motion for production of documents pursuant to the civil discovery statute, OCGA § 9-11-34, is not a proper method of obtaining the documents Jackson claims he needs, we affirm the trial court's denial of his motion. This is not a civil matter, and nothing is pending in the trial court. "After the time for appeal has expired there is no due process or equal protection right to a free copy of one's court records absent a showing of necessity or justification." (Citations and punctuation omitted.) *McDowell v. Balkcom*, 246 Ga. 611 (272 SE2d 280) (1980). If Jackson is now to obtain direct review of those issues that could and should have been raised in a timely appeal, he must first obtain a proper written order from the trial court allowing him to file an out-of-time appeal. See *Bohannon v. State*, 203 Ga. App. 783, 784 (417 SE2d 679) (1992). The trial court must then determine who bears the ultimate responsibility for failure to file a timely appeal. *Cannon v. State*, 175 Ga. App. 741, 742

(334 SE2d 342) (1985). If the trial court determines that responsibility lies with Jackson himself, the motion will be denied. If the trial court agrees with Jackson that his attorney "abandoned" him, the motion should be granted.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 14, 1997 —
RECONSIDERATION DENIED JULY 31, 1997.

Anthony O. Jackson, *pro se.*
*Michael J. Bowers, Attorney General*, for appellee.