# Court of Appeals of the State of Georgia

ATLANTA,   April 10, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1312.  WILLIAM DONNY ANDERSON, JR. v. THE STATE.**

William Anderson Jr. pled guilty to robbery, theft by taking motor vehicle, and possession of a firearm during the commission of a crime in 2011.  Anderson filed a petition for writ of error coram nobis, which the trial court denied on January 25, 2012.  Anderson filed his notice of appeal on February 27, 2012. We lack jurisdiction for two reasons.

First, the appeal is untimely.  The trial court entered its order on January 25, 2012, but Anderson did not file his notice of appeal until 33 days later.  Under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days of the order sought to be appealed.  "[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal." *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995); OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).

Second, the trial court's order dismissing Anderson's petition for writ of error coram nobis is not subject to direct appeal.  This type of writ "is the ancestor of the current extraordinary motion for new trial." *Crews v. State*, 175 Ga. App. 300 (333 SE2d 176) (1985).  In substance, therefore, the petition is an extraordinary motion for new trial. And under OCGA § 5-6-35 (a) (7), appeals from the denial or dismissal of an extraordinary motion for new trial must comply with the discretionary appeal procedure. Anderson's failure to comply with the necessary procedure also deprives us of jurisdiction over his appeal, which is hereby DISMISSED.  See *Crews*, supra.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>04/10/2013</u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*