# Court of Appeals of the State of Georgia

ATLANTA,___July 27, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A2099.  RUDOLPH V. ORANGE v. THE STATE.

In 1992, Rudolph Orange pled guilty to two counts of possession with intent to distribute cocaine.  In January 2016, he filed a petition for a writ of error coram nobis, seeking to challenge the validity of his guilty pleas.  The trial court dismissed Orange's petition in an order entered on February 3, 2016.  On March 21, 2016, Orange filed this direct appeal.  We lack jurisdiction.

A petition for a writ of error coram nobis "is the ancestor of the current extraordinary motion for new trial." *Crews v. State*, 175 Ga. App. 300, 301 (333 SE2d 176) (1985).  In substance, therefore, the petition is an extraordinary motion for a new trial.  Under OCGA § 5-6-35 (a) (7), appeals from the denial or dismissal of an extraordinary motion for a new trial must comply with the discretionary appeal procedure.  Orange's failure to comply with the necessary procedure deprives us of jurisdiction over his appeal.

Moreover, even if Orange had a right of direct appeal here, this appeal is untimely.  A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Orange's notice of appeal is untimely, as he filed it 47 days after entry of the trial court order he seeks to appeal.

For the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*___07/27/2016___
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*