# Court of Appeals
# of the State of Georgia

ATLANTA,  October 27, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0544. RONNIE L. LAWTON v. THE STATE.

In August 2017, a jury found Ronnie L. Lawton guilty of three counts of identity fraud, three counts of forgery, and possession of a firearm by a convicted felon. Following the denial of his motion for new trial, Lawton appealed. We reversed one of Lawton's convictions for identity fraud and one conviction for forgery and vacated the sentences entered thereon, and affirmed the remaining counts and sentence. See *Lawton v. State*, Case No. A19A0782 (Oct. 4, 2019). In August 2025, Lawton filed a "Petition of Coram Nobis," contending that he was improperly sentence under OCGA § 17-10-7 (c) because the indictment did not include a count alleging he was a recidivist. The trial court denied the petition, and Lawton filed both an application for discretionary appeal and a notice of appeal. We denied Lawton's application for discretionary appeal. See Case No. A26D0107 (Oct. 7, 2025). This is the direct appeal.

A writ of error coram nobis "is the ancestor of the current extraordinary motion for new trial." *Crews v. State*, 175 Ga. App. 300, 301 (333 SE2d 176) (1985). In substance, therefore, Lawton's petition is an extraordinary motion for new trial. And under OCGA § 5-6-35 (a) (7), appeals from the denial or dismissal of an extraordinary motion for new trial must comply with the discretionary appeal procedure.

Our denial of Lawton's application in Case No. A26D0107 was an adjudication on the merits of the underlying order and bars the instant appeal. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (a ruling on an application for discretionary appeal acts as res judicata in later proceedings); see also *Jackson v. State*,

273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

For the above reasons, this direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __10/27/2025_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*